ESTADO LIBRE ASOCIADO DE PUERTO RICO
EN EL TRIBUNAL DE APELACIONES
PANEL V

| | | |
|---|---|---|
| LUIS ALFREDO CORCHADO SERRANO<br><br>Recurrido<br><br>v.<br><br>IRIS NEREIDA RODRÍGUEZ PAGÁN<br><br>Peticionaria | **KLCE202400991** | *CERTIORARI* procedente del Tribunal de Primera Instancia Sala Superior de Carolina<br><br>Civil Núm.: CN202300495<br><br>Sobre: Desahucio por Falta de Pago |

Panel integrado por su presidente, el Juez Hernández Sánchez, el Juez Bonilla Ortiz y la Jueza Mateu Meléndez.

Bonilla Ortiz, Juez Ponente

### RESOLUCIÓN

En San Juan, Puerto Rico a 15 de octubre de 2024.

Comparece ante este foro la Sra. Iris Nereida Rodríguez Pagán (señora Rodríguez o "la peticionaria"), por derecho propio y en forma *pauperis*, y nos solicita que revisemos una *Orden*, emitida por el Tribunal de Primera Instancia, Sala de Carolina, notificada el 29 de septiembre de 2024. Mediante esta, el foro primario transfirió la vista para el 6 de septiembre de 2024, y enfatizó que si la partes no comparecían desestimaría la *Demanda*. Asimismo, ordenó a que constara en el expediente la información que se brindó con relación al diagnóstico de salud de la señora Rodríguez. Por último, el foro primario extendió el nombramiento del defensor judicial y el abogado de oficio al caso de ejecución de hipoteca en contra de la señora Rodríguez.

Por los fundamentos que se exponen a continuación, **DENEGAMOS** el recurso de *Certiorari* de epígrafe.

Número Identificador
RES2024 _____

**I.**

El 13 de diciembre de 2023, el Sr. Luis Alfredo Corchado Serrano (señor Corchado o "el recurrido") presentó una *Demanda* en desahucio en contra de la señora Rodríguez.[1] En esencia, alegó que el 2 de octubre de 2023 adquirió la propiedad[2] en venta judicial, por lo que era el nuevo dueño de esta. Además, arguyó que la peticionaria pernoctaba en dicha propiedad, toda vez que era la antigua dueña. En virtud de lo anterior, solicitó que la señora Rodríguez desocupara la propiedad.

Luego de varias incidencias procesales, el 28 de agosto de 2024, fue celebrada una vista en la cual no compareció el recurrido.[3] En vista de ello, el foro primario transfirió dicha vista para el 6 de septiembre de 2024, a la 1:30 pm. A su vez, advirtió que, si el recurrido no comparecía, procedería a desestimar el pleito.

Durante la vista, el defensor judicial de la peticionaria informó que ésta arrojó un diagnóstico de sicosis, y que había que realizarle unas evaluaciones adicionales para identificar otros posibles diagnósticos. Además, indicó que la peticionaria estaba citada para acreditar que estaba cumpliendo con el plan de tratamiento compulsorio. A su vez, la representante del Departamento de la Vivienda (Departamento) informó que visitó a la peticionaria en el hospital y, esta manifestó que no estaba interesada en la ayuda del Departamento. Adicionalmente, explicó que la peticionaria se negó a recibir orientación o ayuda de

---

[1] *Demanda*, Anejo III, págs. 4-5 del apéndice del recurso.
[2] Calle Betances #9, Canóvanas, Puerto Rico, 00729.
[3] *Véase, Minuta*, entrada núm. 98 en el Sistema Unificado de Manejo y Administración de Casos (SUMAC).

parte del programa. A tenor con lo anterior, el Tribunal ordenó que constase dicha información en el expediente del caso de epígrafe.

De otra parte, el defensor judicial de la señora Rodríguez enfatizó que tenía una sospecha razonable de que su representada no estaba capacitada mentalmente para entender el proceso judicial, y expresó su preocupación de que se celebrara la vista sin una declaración de incapacidad y sin nombrarle un tutor. No obstante, el Tribunal reiteró que la peticionaria se le designó un defensor judicial y un abogado de oficio, a los fines de garantizarle su debido proceso de ley. Así las cosas, el foro primario extendió el nombramiento de defensor judicial y abogado de oficio al caso de ejecución de hipoteca.

En desacuerdo, el 3 de septiembre de 2024, la señora Rodríguez presentó una *Moción Urgente Reconsideración*.[4] En síntesis, solicitó la renuncia de su representante legal, la Lcda. Patricia Toledo García (licenciada Toledo), toda vez que esta mintió al argumentar que no podía comunicarse con la peticionaria. Además, solicitó la regrabación de la vista que se celebró el 28 de agosto de 2024.

Luego de examinar los planteamientos de la peticionaria, el 4 de septiembre de 2024, el foro primario notificó un *Orden* en la cual declaró *No Ha Lugar* a la *Moción Urgente Reconsideración*.[5]

Aún inconforme, 16 de septiembre de 2024, la señora Rodríguez acudió ante nosotros mediante un *Recurso de*

---

[4] *Moción Urgente Reconsideración*, Anejo I, págs. 1-2 del apéndice del recurso.
[5] *Orden*, Anejo II, pág. 3 del apéndice del recurso.

*Certiorari Civil* levantando el siguiente señalamiento de error:

> Respetuosamente el Honorable Juez Ignacio Morales Gómez a errado en la orden 4 de septiembre 2024 No lugar, donde la demandada solicitó regrabación de la vista del 28 de agosto de 2024. Tiempo adicional de [s]er necesario [mas] justa causa, etc. Lcda. Patricia Toledo García no me notificado de nada desde inicio ni mociones etc. donde solicité renuncia, hay conflicto de criterio no ético y otros.

Luego de una evaluación preliminar del expediente, el 26 de septiembre de 2024, emitimos una *Resolución*, mediante la cual concedimos al recurrido el término de quince (15) días para que presentara su postura. Sin embargo, debido a que ya transcurrió el término dispuesto en nuestro Reglamento para que el señor Corchado presentara un alegato en oposición sin que presentara alguna comparecencia, declaramos perfeccionado el recurso de autos.

## II.

La Regla 52.1 de Procedimiento Civil, 32 LPRA Ap. V, R. 52.1, delimita las instancias en que el Tribunal de Apelaciones expedirá un recurso de *certiorari* para revisar resoluciones u órdenes interlocutorias dictadas por el Tribunal de Primera Instancia. Es decir, cuando "se recurra de una resolución u orden bajo las Reglas 56 y 57 o de la denegatoria de una moción de carácter dispositivo." Regla 52.1 de Procedimiento Civil, *supra*.

Asimismo, dispone los supuestos en que este foro intermedio podrá revisarlas, con carácter discrecional y a manera de excepción, en las siguientes instancias:

> [C]uando se recurra de decisiones sobre la admisibilidad de testigos de hechos o peritos esenciales, asuntos relativos a privilegios evidenciarios, anotaciones de rebeldía, en casos de relaciones de familia, en casos que revistan interés

público o en cualquier otra situación en la cual esperar a la apelación constituiría un fracaso irremediable de la justicia.

Por su parte, la Regla 40 del Reglamento del Tribunal de Apelaciones, 4 LPRA Ap. XXII-B, R. 40, establece los criterios que este foro debe tomar en consideración al atender una solicitud de expedición de este recurso discrecional; a saber, si el remedio y la disposición de la decisión recurrida, a diferencia de sus fundamentos, son contrarios a derecho. Así también, debemos tomar en consideración si ha mediado prejuicio, parcialidad o error craso y manifiesto en la apreciación de la prueba por parte del foro primario.

También examinaremos si el asunto planteado exige consideración más detenida a la luz de los autos originales o de alegatos más elaborados, o si la etapa del procedimiento en que se presenta el caso es la más propicia para su consideración. Finalmente, debemos analizar si la expedición del auto solicitado evita un fracaso de la justicia. *Véase*, Regla 40 del Reglamento del Tribunal de Apelaciones, *supra*.

**III.**

Es preciso comenzar por destacar que la *Resolución* recurrida, a pesar de ser un dictamen interlocutorio, es susceptible de revisión por parte de este foro, en virtud de la Regla 52.1 de Procedimiento Civil, *supra*. En síntesis, la peticionaria señaló que el Tribunal de Primera Instancia erró al declarar *No Ha Lugar* la *Moción Urgente Reconsideración*.

Sin embargo, luego de evaluar el recurso de epígrafe y revisar los documentos sometidos, a la luz de los criterios de nuestra Regla 40, *supra*, rechazamos ejercer nuestra jurisdicción revisora e intervenir con

el criterio del foro primario para variar el dictamen recurrido. Recalcamos que, nuestro Tribunal Supremo ha sido enfático en que, como foros revisores, no debemos intervenir con las actuaciones de los foros primarios, en ausencia de que hayan actuado con prejuicio o parcialidad, o que hayan errado en la aplicación del derecho. Incluso, ha dispuesto que, en el caso de las actuaciones discrecionales, solo estaríamos en posición de intervenir para variar el dictamen, si el foro primario abusó de su discreción.

Así las cosas, a base de un análisis cuidadoso de la totalidad del expediente apelativo, no estamos en posición de concluir que la actuación recurrida fuese irrazonable, o contraria en derecho. Consecuentemente, tampoco podemos afirmar que dicha actuación fuese el resultado de abuso de discreción por parte del foro primario. Por tanto, procede denegar la expedición del auto discrecional solicitado.

**IV.**

Por los fundamentos antes expuestos, se **DENIEGA** el presente auto discrecional de *Certiorari.*

Lo pronunció y manda el Tribunal y lo certifica la Secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones